FILED
SUPERIOR COURT
OF GUAM
2018 FEB 6 AM 11: 27
CLERK OF COURT
By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO.: CF0714-17 |
| vs. | |
| MARVIN BRYANT MATANANE,<br>DOB: 07/21/1987 | DECISION AND ORDER<br>(Defendant's *ex parte* Motion to Modify<br>and Application for Bail<br>Redetermination) |
| DEFENDANT. | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on January 26, 29 and February 5, 2018, on Marvin Bryant Matanane's ("Defendant") *ex parte* Motion to Modify and Application for Bail Redetermination. Defendant appeared with counsel, Public Defender Stephen P. Hattori. Assistant Attorney General Peter J. Santos appeared on behalf of the People of Guam ("People"). Upon review of the written and oral arguments, and legal authorities presented by the Parties, the Court **DENIED** Defendant's request in open court and on the record on February 5, 2018. The Court hereby issues the instant Decision and Order confirming said Denial. The *ex parte* Motion to Modify and Application for Bail Redetermination is thus **DENIED**.

/ / /

/ / /

**ORIGINAL**

CF0714-17 People of Guam v. Marvin Bryant Matanane
DECISION AND ORDER (re Def's Ex Parte Motion and Application for Bail Redetermination)
Page 1 of 6

## BACKGROUND

On December 16, 2017 Officers from the Guam Police Department executed a search warrant at a residence in Mangilao based on information that the occupant was involved in drug distribution. Decl. of James C. Collins in Supp. of Magistrate's Compl. (Dec.15, 2017). Officers allegedly found 'plastic baggies' with a crystalline residue in the residence. Id. A chemical field test was conducted on the substance and the test returned a presumptive positive reaction for the presence of methamphetamines. Id. The Defendant, the occupant of the home, allegedly stated that he used the drug 'ice,' and was bullied into using the residence to sell the drug. Id. The Defendant allegedly further admitted that he "facilitated a drug transaction at the residence the previous evening between two other persons." Id.

The Prosecutor in this case also informed the Court via declaration that when the Defendant was arrested on December 15, 2017, he was on pre-trial release on another pending felony case dealing with the Possession of a Schedule II Controlled Substance (As a Third Degree Felony) and allegations of Theft (As a Misdemeanor), in Superior Court of Guam Criminal Case CF0645-17.

The Defendant was brought before the Magistrate Judge on December 16, 2017. The Magistrate Judge set bail for the Defendant at five thousand dollars ($5,000.00). Superior Court of Guam Minute Entry in CF0714-17 (Dec. 16, 2017). On December 22, 2018, a Superior Court of Guam Grand Jury returned an indictment charging the Defendant with Possession of a Schedule II Controlled Substance (As a 3rd Degree Felony), Criminal Facilitation of the Delivery of a Schedule II Controlled Substance (As a 3rd Degree Felony), and Keeping a Dwelling Resorted for the Purpose of Drug Distribution (As a 3rd Degree Felony) in CF0714-17.

On January 4, 2018, the Defendant filed a Motion and Application for Bail Redetermination under 8 GCA § 40.50 for Release on Personal Recognizance or in the Alternative Third Party Custodians. Subsequently on January 9, 2018, a document with the same caption was filed and the caption was amended to read *ex parte* Motion and Application for Bail Redetermination Hearing under 8 GCA § 40.50 for Release on Personal Recognizance or in the

CF0714-17 People of Guam v. Marvin Bryant Matanane
DECISION AND ORDER (re Def's Ex Parte Motion and Application for Bail Redetermination)

Page **2** of **6**

Alternative Third Party Custodians. Currently before the Court is the *ex parte* document, and thus because the two documents are substantively the same motion, the Court finds the January 4, 2018 version to be **MOOT**. The people filed an Opposition on January 10, 2018.

## DISCUSSION

In the motion, the Defendant argues "[h]e does not have the means to pay the five thousand ($5,000.00) cash bail." Def's *ex parte* Mot. and Appl. 4 (Jan. 9, 2018). The Defendant argues that he should be released on an unsecured bond or in the alternative to Third Party Custodians (TPCs) Id. The Defendant offers as support for his argument for release that he is thirty years old, a resident of Guam, and has most of his family ties on Guam. Id. The People argue in opposition that due to the Defendant's "history of non-compliance and his disregard for court orders, it is simply not reasonable to conclude that the Defendant would or could be deterred from future criminality." People's Opp'n to Def's Mot. and Appl. 3 (Jan. 10, 2018). The People argue that the Defendant's "actions exemplify his flagrant disregard for the law and court orders, identifying him as a safety risk to the community." Id.

Under Guam Law, ". . . every person charged with an offense shall be ordered released pending trial in the manner and subject to the conditions provided by §§ 40.15 and 40.20." 8 GCA § 40.15(a) (2017). Section 40.15(b) provides, "[t]he judge shall order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 GC A§40.15(b). To determine whether there is a substantial risk of nonappearance or whether the person charged will endanger the safety of any other person or the community, Guam Law provides:

> "(c) . . . the judge shall consider the following factors:
> (1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
> (2) the history and characteristics of the person charged, including: . . .
> (v) his/her prior criminal record; if any, including any record of prior release on recognizance or on bail;
> (vi) his/her history relating to drug or alcohol abuse; . . .
> (viii) whether, at the time of the current offense or arrest, he/she was on . . . other release pending trial . . .

CF0714-17 People of Guam v. Marvin Bryant Matanane
DECISION AND ORDER (re Def's Ex Parte Motion and Application for Bail Redetermination)
Page 3 of 6

(ix) his/her history of compliance with Court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released."

8 GCA § 40.15.

Under Section 40.20,

"[w]here the judge determines that release of the person . . . will not reasonably assure his/her appearance as required, or will endanger the safety of any other person or the community, the judge shall impose the least onerous of the following conditions which is reasonably likely to assure the person's appearance as required and the safety of any other person and the community, or if no single condition gives that assurance, the least onerous combination of the following conditions:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him/her and to assist him/her in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties . . .

. . . (e) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community."

8 GCA § 40.20. Finally, Section 40.50 of Title 8 provides that "[a] person for whom conditions of release are imposed . . . and who after twenty-four (24) hours from the time of release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the Court." 8 GCA § 40.50(a).

Here, the Defendant is charged with possessing a controlled substance and allegedly admitted to both the use, facilitation of use, and distribution of the same. Further, the Defendant is allegedly involved in some sort of distribution scheme which uses the residence he was occupying. The Court is thus concerned with the seriousness of the charges. The return of presumptive positive drug tests demonstrates to the Court the strength of the case against the Defendant and

CF0714-17 People of Guam v. Marvin Bryant Matanane
DECISION AND ORDER (re Def's Ex Parte Motion and Application for Bail Redetermination)

Page 4 of 6

thus the seriousness of the charges and likelihood of conviction factors weighs against release on personal recognizance.

Further, aside from the seriousness of the charges, the Court is concerned with the Defendant's history of alleged drug use. In CF0645-17, another felony case, the Defendant is charged with Possession of a Schedule II Controlled Substance (As a Third Degree Felony) and Theft of Property (As a Misdemeanor). In that case, another search warrant was executed at the Defendant's residence and police found drug paraphernalia which again returned a presumptive positive test for the presence of illegal substances. Decl. of Sean Brown in Support of Magistrate's Compl. in CF0645-17 (Nov. 16, 2017). In that case, at his initial appearance on November 16, 2017, the Magistrate Judge released the Defendant on a $3,000.00 personal recognizance bond. Superior Court of Guam Minute Entry in CF0645-17 (Nov. 16, 2017). The Defendant was subsequently arrested for the conduct underlying this case and allegedly admitted to using and distributing drugs from his own residence while on pretrial release for CF0645-17. The Defendant now seeks to be released on his personal recognizance or in the alternative to TPCs in this case. The Court finds the failure to obey court orders and the fact that Defendant was previously on pre-trial release for another felony matter when the conduct alleged in this matter took place both cut against releasing the Defendant on his personal recognizance.

Finally, with regard to the request to appoint TPCs, the Court is similarly unconvinced that the TPCs can assure the Court the Defendant will not violate this Court's order. The Court agrees with the People that the Defendant's conduct alleged here demonstrates a flagrant disregard for the laws of Guam and the Orders of this Court. Thus the Court expressly finds that the Defendant poses a danger to the community which cannot be cured by the presence of TPCs. Notably, testimony by the TPCs at the hearing on the motion to reconsider the Defendant's release conditions revealed that the TPCs would be staying with the Defendant at the same location where the Defendant was arrested for distribution and possession in CF0714-17 and where the drug paraphernalia was found in CF0645-17. Thus the Court is not convinced that the danger the Defendant poses to the community will be sufficiently addressed by release on personal

recognizance or to TPCs. Therefore, the Defendant's motion to modify and application for bail redetermination is **DENIED.**

**CONCLUSION**

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Defendant's *ex parte* Motion to Modify and Application for Bail Redetermination.

SO ORDERED ___2/6/18___ .

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:

FEB - 6 2018
Date:_____ Time: 11:50am

Deputy Clerk, Superior Court of Guam